IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CLINT FREDERICKSON, | : | Case No.: 1:15cv111 |
| | : | |
| Plaintiff, | : | Judge Sandra S. Beckwith |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| | : | |
| FEDERAL EXPRESS CORPORATION, | : | **AGREED PROTECTIVE ORDER** |
| | : | |
| Defendant. | : | |
| | : | |

Pursuant to Fed. R. Civ. P. 26(c) and for good cause shown, the parties' Joint Motion For Approval And Entry of Agreed Protective Order is hereby granted as follows:

**1.  Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of the case titled *Clint Frederickson v. Federal Express Corporation*, Case No. 15-111, and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment, as well as maintain the confidentiality of personal and/or proprietary information relating to the parties and to others.

**2.  Confidential Information.** The parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. The parties have further agreed that this shall include information relating to the following topics: Plaintiff's confidential medical information; confidential financial information of both Plaintiff and Defendants; Defendant's

confidential, proprietary business information (training materials and information relating to businesses practices, strategies and customers); and confidential personnel and/or human resource documents regarding any of Defendants' current or former employees, including employee personnel records. This stipulated protective order shall in no way constitute a waiver by any party of any assertion or claims that the documents and information subject to this order are: (1) confidential proprietary information; (2) privileged; or (3) otherwise not discoverable.

3. **Designating Documents and Interrogatory Answers as Confidential**. Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential." In lieu of stamping or labeling the originals of documents, the producing party may stamp or label the copies that are produced. When producing a multi-page document, all of which it contends is confidential, a party may designate the entire document as confidential by marking the cover page with the word "Confidential." Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order. The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents, interrogatory answers, or deposition testimony relating to the subjects enumerated in Paragraph 3 may be designated as Confidential Information. Parties to this action may also designate deposition testimony relating to the subjects enumerated in Paragraph 3 above as "Confidential Information" by advising opposing counsel of record, in writing, within 30 days after receipt of a copy of the transcript, or such other time period as may

be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under Paragraph 3 and are confidential. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order. All depositions shall be treated as "Confidential" under this Order for a period of at least thirty days after a full and complete transcript of said deposition is available.

4. **Disclosure of Confidential Information.** Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

(a) Plaintiff and Defendant;

(b) Their counsel, counsel's legal and clerical assistants and staff;

(c) Persons with prior knowledge of the documents or the Confidential Information contained therein;

(d) Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

(e) Agents, representatives and employees of either party, as is necessary to prepare this case for litigation;

(f) Any independent document reproduction services or document or video recording and retrieval services, as is necessary to prepare this case for litigation and subject to their agreement to be bound by the confidentiality and non-disclosure provisions of this Order; and

(g) Any witness, or expert witness or outside consultant retained or consulted by the parties, as is necessary to prepare this case for litigation. Counsel shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Order, and they shall agree to be bound prior to sharing this Confidential Information with them.

  (h) Any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

  (i) Jurors and prospective jurors;

  (j) Any other person or entity to whom this Court orders or allows disclosure.

No person to whom Confidential Information is disclosed shall disclose such Confidential Information to any person to whom disclosure is not authorized by the terms hereof, or make any other disclosure of such Confidential Information for any purpose whatsoever, commercial or otherwise. In the event of a disclosure of Confidential Information, the disclosing party shall arrange for the return of any disclosed documents once the need for the disclosure is complete. Except for disclosures authorized by the terms of this order, the attorneys for the parties shall maintain custody of the confidential documents.

  5. **Disputes Concerning Designation(s) of Confidential Information**. In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party posing the confidentiality of the information may apply for relief from this Court.

  6. **Binding Effect of This Order**. This Order is binding upon the parties, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony are limited pursuant to the terms of this Order.

  7. **Use of Confidential Information**. The parties and their counsel shall exercise reasonable care not to disclose Confidential Information contained in these confidential documents by placing them in the public record in this case. If a party wishes to use any information or document identified as Confidential by the opposing party in any affidavit, brief,

4

memorandum, oral argument, or other paper filed in this Court in this case, that party shall notify opposing party of its intent to file Confidential Information prior to the intended filing with the Court. The parties shall attempt to resolve the matter on an informal basis per Paragraph 5 of this Order. If the parties are unable to agree on a manner to submit the document as normal, the party seeking to file Confidential Information may file, along with the affidavit, brief, memorandum or other paper, a motion with the Court seeking leave to file such paper or transcript under seal. If the opposing party is unavailable to discuss the matter prior to filing, the party seeking to file Confidential Information shall proceed to seek leave to file such paper or transcript under seal. If the Court grants such motion, the documents shall be filed under seal. If the Court denies such motion on the basis that the documents need not be filed under seal, the filing party can file such paper or transcript as normal. The parties and their counsel have the right to use any such information contained in these documents, or the documents themselves, in the trial of this case. The parties do not waive any right to object at trial to the admissibility of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion *in limine* regarding the use of any such documents.

    8.    **Return of Confidential Information**. At the conclusion of this litigation the parties' respective counsel shall, within six months, and upon written request by the other party, return all documents which fall under the scope of this Order. If respective counsel fails to make a written request for the return of documents within six months of the conclusion of this litigation, other counsel shall destroy such records. The parties, however, retain the right to keep any documents that were admitted as exhibits in this case.

    9.    **Depositions and Trial**. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the

confidential information. Specifically, this Protective Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about materials designated confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of Court.

10. **No Waiver**. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

11. **Modification**. This Protective Order shall not be modified without the approval of the Court.

SO ORDERED:

_8/21/15_
Date

_Karen L. Litkovitz_
Judge Beckwith / Magistrate Judge Litkovitz

Agreed:

/s/ Theodore C. Copetas
Theodore C. Copetas (0068419)
Eberly McMahon Copetas LLC
2321 Kemper Lane, Suite 100
Cincinnati, Ohio 45206
Telephone: (513) 533-1103
tcopetas@emclawyers.com

ATTORNEY FOR PLAINTIFF

/s/ Andrew M. Kaplan
Andrew M. Kaplan (0012708)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Telephone: (513) 723-4004
amkaplan@vorys.com

Daniel Riederer (*Admitted Pro Hac Vice*)
Federal Express Corporation
3620 Hacks Cross Road, Building B
Memphis, Tennessee 38125
Telephone: (901) 434-8556
daniel.riederer@fedex.com

ATTORNEYS FOR DEFENDANT